Mr. Laney, whenever you're ready. Yes, Your Honor. Good morning. My name is Chris Laney, and I represent AccuMed. And I'm here to ask that you reverse the lower court's decision to deny attorneys' fees and send the case back to the county. The question really here is whether or not the court's discretion to award attorneys' fees is absolute. Now, this court's precedent establishes that, in fact, it's not. Can you cite us any case where this court has ordered a district court to award attorneys' fees? To, in fact, award attorneys' fees? Yes, to be reversed and issued an order. Correct. No, Your Honor. There was only one case we could find, in fact, where this court has actually reversed a decision denying attorneys' fees. And we sent it. Is that the Juergens case? Or is that another case? That's the Juergens case. Yeah, but even in that case, which I think is different from this case, but we sent it back to the district court in order for him to apply his discretion, we didn't reverse, right? That is correct, Your Honor. Now, this case, I believe, sets the benchmark, however, in which attorneys' fees should be granted. And the reason that is is there's two specific factual findings. One, and probably the most extraordinary one that distinguishes this case from any case that I've been aware of in front of this court, is the fact that they found that Stryker deliberately copied Acumen's patented product with the intent to drive him out of the market. So you're suggesting that as a matter of law, we should conclude that when there's a finding of willful infringement with that predicate, we require that attorneys' fees be provided? It is Acumen's position that that would be the correct procedure. However, even if you didn't do that, certainly there's got to be a heightened standard that once you have found that extraordinary situation where a company has deliberately copied with the intent to drive another competitor out of the market with their own patented product, certainly the bar has to be elevated so that it can't be mere recitation of, hey, it's a close case without any further elaboration, or citing the fact that their behavior during litigation was not in bad faith. I think the mere fact that the judge found that particular factor, the fact that they copied with the intent to drive him out of the market in combination with the jury saying they had complete disregard for the patented right and they had no reasonable basis to believe they had a right to even market their infringing product, that in combination, I believe as a matter of law, should warrant attorneys' fees. So there's no discretion by the trial judge? I mean, those kind of factors as a matter of law take away the discretion of the trial judge in awarding attorneys' fees? It is Acumen's position that under those two specific and that very narrow limited case, yes, there's no discretion. However, even if you do find that there's still some discretion, certainly there hasn't been a factual finding that would balance the scales to overcome that extraordinary situation. Certainly not the citation of saying that it's a close case. All these courts' cases in which they've affirmed a lower court's decision in which the court cited the fact that it was a close case, there was never this extraordinary factual finding. The jury didn't make a finding here of bad faith, right? There was no bad faith requirement in the jury instruction. I would disagree. The reason I disagree is that the jury did make a factual finding as the district court found that there's clear and convincing evidence that they acted disregard for the patent and lacked a reasonable basis to believe that they had a right to market the infringing product. Now, in doing such, the district court instructed the jury of several factors that they could find, any one of which would support the idea that they had a reasonable basis. But by the mere fact that the jury concluded that they didn't have a reasonable basis necessarily means that they rejected every single one of those in Acumen's position. Moreover, even if you were to say that the jury didn't factually find that, the factual finding by the judge in combination with the jury is a factual finding of bad faith. I mean the very fact that a company copied with the intent to drive them out the market, that has to be the primary purpose of the fee-shifting statute. I mean the idea that a party who has a right to a patented product has to defend itself against intentional copiers with the intent to drive them out the market, that seems to be the core of what that fee-shifting statute is about. But you're asking us to eliminate the total discretion of the federal district court in assessing whether or not there should be fees assessed. Now, what impact does it have that the substantive opinion issued by this court was split two to one? Does that tell you that it was a close opinion, close case? With all due respect, I don't believe so. It may state to the fact that this court believed that one particular issue was closed. But, I mean, when the judge is making his decision, it doesn't consider what this court is going to do or what it may do. Or at least it shouldn't consider that. It should consider it on its own grounds. And there's nothing within this record that suggests this court believed transverse holes, which Your Honor is referring to, was the point that the dissent found to be the point at which he diverged from the majority. There's nothing in the record that suggests that was a particularly close issue in the court below. In fact, if you look at the opinion letter of Stryker's counsel, not once did they cite transverse holes as being a reason for non-infringement or grounds for them to practice this invention. Not once. Now, granted, they did come up with that argument during the trial, I mean, during the case as well on appeal. But you have two Stryker attorneys that didn't buy the argument. You had, obviously, Acumen's attorneys. You had two judges from this court. And you had a judge, the district judge, that none of them agreed that that was an accurate way to view that particular decision. So, while it is an interesting fact, I don't believe it is an important fact in deciding for the district judge to consider in granting attorneys' fees. Wait. So your rule, the rule that you were proposing early on, that rule – would that rule apply even where there is a close case? The rule that Acumen is proposing, that when court finds that – when two factual findings are found, no reasonable basis to believe that the patent is invalid or the product is not an infringing product. And the more extraordinary one, that a company copied another person's patented product with the intent to drive them out of the market. I believe that brings you so squarely within the intent of the statute, the fee-shifting statute, that, yes, I don't believe the court has discretion. And if it does have discretion, it's got to be very, very minuscule such that it requires a high, high degree of factual finding on the other side to overcome the balance. But just because those facts were found doesn't necessarily mean that the issue wasn't close. Well, I'm not real sure. I mean you don't have anything from the district court's decision to suggest what, in fact, she considered to be the close issue. I mean we're sitting here. We can speculate about what the court believed was close and what she didn't believe was close. But she made the broad comment that it was a close case, and she referenced the willfulness decision, and she referenced the infringement decision. Well, she was there, and she heard the testimony, and she reviewed the evidence, and she was fully aware of what went on throughout these entire proceedings, certainly more familiar than we will ever be. And why is it up to us to say that that was an abuse of discretion? Because if you allow this record to justify denying attorney's fees, then you've essentially taken out of your hands the ability to review a lower court's decision. In other words, you're saying de facto it is an absolute discretionary decision because all the district court would have to say is a catchphrase regardless of whatever facts she's finding, how egregious they are. I can't believe they get more worse than this case, that all she has to say or he has to say at the end is it's a close case. And if they use that magic language, this court will say, okay, that thing says it's a close case, therefore we're going to affirm. Well, that's not really an unfair – I mean this court has said that discretion is not unrestrained and it's got to be guided by the policy. Well, the policy of shifting fees is to prevent the exact type of behavior that occurred here. You've got a gigantic corporation that saw a smaller corporation making its way into the world on a patented product. They tried to buy them. The smaller company said no, I'm not for sale. So what did they do? They copy it and they go after their market. They attack their market. That's what the facts show. They attack their market to drive them out of the market. Mr. Laney, was there a finding of exceptionality by the district court? Yes, Judge, and it's not challenged in this case. And she found it was exceptional by the very facts that I've been saying is that she found that they deliberately copied the patented product with the intent to drive them out of the market. But she stated that the case was exceptional. Yes, Your Honor. She stated the first step of the fee structure on the 285. Yes, Your Honor, and that decision has not been challenged in this court. If you see that, I'd like to – You're in the rebuttal time. Do you want to reserve it? Yes, Your Honor. Okay, we'll save the rest of your rebuttal time. Ms. Vaughn. Good morning. May it please the Court, my name is Sharon Hwang, and I'm pleased to be representing the Stryker appellees in this case. As you have noted, this case is reviewed under an abusive discretion standard. Abusive discretion only occurs if the district court's decision is based on clearly erroneous facts, erroneous interpretations of the law, is clearly arbitrary, fanciful, or unreasonable. Acumen has shown none of these things. Acumen instead has basically tried to re-argue the merits as though this court is going to be reviewing the decision de novo, which it is not. The district court carefully considered and expressly stated that it considered the totality of circumstances in this case, and in the exercise of its discretion, decided that this is not the type of case that would warrant the award of attorney's fees, because the case was close on liability and on infringement, and because the litigation conduct of counsel was not such that it would warrant the award of fees. You don't appeal, though, the issue of whether or not the judge's finding of exceptional is correct. That is correct, because it's a two-step process. The first step is determining whether or not the case is exceptional. Which was determined. And we recognize that the district court did say that the case is exceptional, and we know that the case law is pretty clear that the finding of willfulness alone is enough to justify an exceptional case. But that's not the end of the analysis. The second part of the analysis has to be, in the district court's discretion, is this the type of case that would warrant the shifting of fees? And we know that the purpose of Section 285 is really to shift fees where justice requires. We're talking about cases where the outcome is certain, and the conduct of the accused infringer is such that the case is really unnecessary. We know what the outcome should have been. That is not this case. In this case, the district court said, not only in its denial of attorney's fees, but also in its denial of Acumen's motion for trouble damages, that this was a close case. Well, it granted some enhanced damages, right? That is true. The district court did grant 50% enhanced damages. But the district court also said, I do not want to punish Stryker for going to trial and proving legitimate defenses. And this court, numerous times, has said that the attorney fee statute and, indeed, the enhanced damages statute are not meant to punish people that go to court when they have legitimate defenses. Companies, even if they're large, they don't have to fold every time someone sues them. If they've got a legitimate defense, they've got a right to go in and defend themselves. And in this case, as Judge Gaharza noted, there was a split decision on the liability issue. In addition, I should note that this court granted Stryker's motion for stay of injunctive relief pending appeal. And in doing so, necessarily, it found that, at the very least, Stryker presented a substantial case on the merits. So that would show that the district court's finding that the case is closed was certainly not unreasonable or fanciful. I should also note that the patent in suit is currently undergoing reexamination. The primary independent claim that was asserted against Stryker has been rejected over the very prior art that Stryker relied on at trial. And the reexamination was initiated not by Stryker, but by a third-party competitor. In addition, with respect to the closeness of the case on willfulness, this court, in its appeal on the merits that was decided in April of this year, specifically noted that there was evidence that would tend to show no willfulness,  In addition, there was testimony that was undisputed that Stryker did not launch the accused products until after receiving clearance to do so from its patent counsel. That would tend to show, again, that the willfulness case was closed. In addition, in the order granting a 50% enhanced damages, the district court said that it was its belief, it recognized that the jury found willful infringement, but the district court also said, I do not believe that Stryker egregiously ignored an objectively unreliable opinion of counsel. And therefore, the district court found that that factor, at least, did not weigh in favor of enhancing damages in the enhancement order. It also made a big deal about closeness of the case and said, this is a very close case, and because of that, that factor weighs against enhancing damages. So that's why we have a situation where there's an award of only 50% enhanced damages, even though treble damages was requested. Now, Acumen very candidly admits it's basically a one-on-one case, the Jurgens v. CBK case, where this court reversed and remanded a district court decision to deny fees. Acumen tries to sort of shoehorn the facts of this case into a Jurgens v. CBK type scenario, but this is not Jurgens. As you have noted, in this case, there was no jury instruction that required that extra finding of bad faith, and that sort of takes it out of Jurgens. In addition, unlike the Jurgens case, the district court here was relying specifically on its belief that the case was close and that litigation conduct of Stryker's counsel was not egregious and was not in bad faith. In Jurgens, in contrast, the district court didn't really have findings. There were certainly no findings of closeness of the case. There were no findings of litigation conduct. There were no findings that the competency of the opinion of counsel was in question. The only two things that the district court in Jurgens found was, one, that there was no visible marking by the plaintiffs, and two, that the defendant's conduct was based on the reliance of an opinion of counsel. And this court found that's not enough because the jury in Jurgens necessarily found bad faith due to the jury instruction, and therefore it was an abusive discretion for the district court to rely solely on two findings that were contradicted by the jury, and that's not this case. I just want to remind the court that while willfulness authorizes the grant of attorney's fees, it certainly doesn't mandate it. The statute says that attorney's fees may be awarded in exceptional cases. May, not should, or has to be awarded. So, again, this is not... But if there's a finding of enhanced damages, is that an indication that maybe there should be attorney's fees added to it? I don't think so. I think they're two separate analyses, and the district court noted in her decision that, yeah, enhanced damages just by a little bit, but that doesn't mean that the case wasn't close. A little bit. It was 50%. 50%. She enhanced damages by 50%. They asked for treble, but they got 50%. They asked, exactly. One and a half times. Exactly. But that still is enhanced damages. That is true. What does that indicate? The district court took into consideration that the jury found willful infringement. And, again, she did find an exceptional case here, but that doesn't mean that she was forced to make a decision to award attorney's fees. Attorney's fees are discretionary, and this court many, many times has affirmed denials of attorney fees, even where there's been willful infringement and even when there's been enhanced damages, such as the National Presto case, Virginia panel, and a host of other cases where willfulness has been upheld, but attorney fees have been denied, particularly where the case is found to be close, such as this case. And there's not a need for the district court to go on and on. The fact that she said the case was close and said the evidence did not overwhelmingly favor either side, and then looking back at her decision on enhanced damages and the read factors that she found did not favor enhancement, that shows that this case is close and it was not an abuse of discretion for the district court to deny fees in this case. And Stryker respectfully requests that this court affirm the district court's denial of attorney fees. Thank you. Thank you. You mean? I'll be brief. Real quick on the reexamination. The initial rejection did reject one of the claims, the independent claim. However, several other claims that were found infringed were reaffirmed in the reexamination, and it's currently in the process of which the patentee is responding or has already responded to the reexam. I don't believe that has particular relevance to this particular proceeding. The second thing is this jerking. The question this court really has to answer in my mind is the idea that you can find as a factual matter, in addition to the jury's finding that they had no reasonable basis, the judge, in addition to that, found that they deliberately copied with the intent to drive Acumet out of the market. If this court finds that that is, in fact, the definition of bad faith, then the next question is what is required in order to – is the burden shifted to Stryker to show good faith, some laudable behavior, something over and beyond that would justify this type of bad faith finding? Because if you find that's bad faith, then the record becomes completely devoid, devoid of any evidence of good behavior. Yes, she said that their behavior during litigation wasn't bad faith, but she also found that the lead counsel exhibited behavior that was the most egregious she'd ever seen, and, in fact, had I brought it to her attention, she would have pulled his ProHoc. Did she want to punish Stryker for his behavior? No. But does that – should that be in their favor in this analysis? No. She never focused on what was Stryker's behavior leading up to litigation, other than to find the critical finding that they had – the jury found no reasonable basis, and she found they copied with intent to drive him out of the market. It should justify attorney's fees and step down for determination of what those are. Thank you, Your Honor. Thank you, Mr. Leine. The case is submitted.